UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NARDELLA CHONG, P.A.,

    Plaintiff,

v.                               CASE NO: 8:08-cv-1239-T-33EAJ

MEDMARC CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff's Motion for New Trial and/or Rehearing and to Alter or Amend Judgment (Doc. # 40). Defendants filed a Memorandum of Law in Response thereto (Doc. # 50). Plaintiff also filed a Notice of Newly-Discovered Supplemental Authority (Doc. # 51).

    This Court granted summary judgment and entered judgment in favor of Defendant on December 10, 2009 (Doc. # 38). Plaintiff now moves this Court, pursuant to Rule 59, Fed. R. Civ. P., for a new trial and/or rehearing of this Court's granting of summary judgment in Defendant's favor, and to alter and amend the judgment entered by this Court on December 11, 2009. Plaintiff asserts that the grounds advanced by the Court as the bases for its summary judgment ruling are predicated on misapprehension of the record facts and

misapplication of the relevant law.

The decision to alter or amend a judgment under Rule 59(e), Fed. R. Civ. P., is within the sound discretion of the Court and will not be overturned on appeal absent abuse of discretion. American Home Assur. Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). There are three grounds that justify granting a motion for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. See CSX Transp., Inc., v. City of Pensacola, Fla., 936 F. Supp. 885, 889 n.2 (N.D. Fla. 1995); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999); see also Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff's motion does not fit within any of these three grounds. Plaintiff has not presented a change in the law, new evidence, or a need to correct clear error or manifest injustice. Rather, Plaintiff's motion asserts arguments

already presented and considered by the Court. Thus, Plaintiff has not established a basis for this Court's reconsideration of its previous Order granting the summary judgment in favor of Defendant.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for New Trial and/or Rehearing and to Alter or Amend Judgment (Doc. # 40) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of April, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record