UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NARDELLA CHONG, P.A.,

    Plaintiff,

v.                         CASE NO: 8:08-cv-1239-T-33EAJ

MEDMARC CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion for Taxation of Costs (Doc. # 46). Plaintiff filed an Objection and Memorandum in Opposition thereto (Doc. # 47). Defendant then filed a Motion for Leave to Submit Attached Reply (Doc. # 48), and Plaintiff filed a Response thereto (Doc. # 49).

Defendant seeks costs for deposition transcripts and for photocopy charges. The Court will address Plaintiff's objections to each.

<u>Deposition Transcripts</u>

Title 28 U.S.C. § 1920 authorizes the taxation of court reporter fees for depositions necessarily obtained for use in the case. 28 U.S.C. § 1920(2). Defendant seeks deposition costs in the amount of $1,223.13 ($254.45 for the deposition

of John Raymond Carroll; $968.68 for the deposition of Anthony Nardella).

Plaintiff objects to the invoice for the deposition of Anthony Nardella as the amount of $968.68 includes a late payment penalty. If paid by the payment due date, the invoice indicates that the balance due was $861.05, increasing to $968.68 if payment was made after the due date. Plaintiff's objection is well-taken. The Court finds that Defendant is only entitled to the initial invoice amount of $861.05 and not to any late payment penalties. Accordingly, the Court finds that Defendant is entitled to deposition transcript costs in the amount of $1,115.50 ($254.45 for the deposition of John Raymond Carroll; $861.05 for the deposition of Anthony Nardella).

Photocopy Charges

Section 1920 allows recovery of costs for copies of papers necessarily obtained for use in the case, but not for those obtained for the convenience of counsel. 28 U.S.C. § 1920(4); Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), aff'd, 998 F.2d 1023 (11th Cir. 1993). The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in

the case. Id. (citing Corsair Asset Management, Inc. v. Moskovitz, 142 F.R.D. 347, 353 (N.D. Ga. 1992) & Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 914 (M.D. Fla. 1989)). A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows the purpose for which the copies were made. Id. (citing Corsair, 142 F.R.D. at 353).

Defendant states that it incurred copy charges in connection with the in-house copies of its counsel. (Doc. # 46 at 3). "The in-house copy charges include charges for duplication of pleadings; depositions and reports as the case progressed." Id. The invoice attached to the Defendant's Bill of Costs does not specifically identify the copy charges.

The Court finds that Defendant here has not adequately explained the use of the copies for which he asks the Court to award costs. See Corsair, 142 F.R.D. at 352 (charges for copies of original documents possessed by the prevailing party are not taxable; charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable). Accordingly, the Court will deny these costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

**(1)** Defendant's Motion for Taxation of Costs (Doc. # 46) **is GRANTED** in the amount of $1,115.50 for deposition transcripts and **DENIED** as to photocopy charges.

(2) Defendant's Motion for Leave to Submit Attached Reply (Doc. # 48) is **GRANTED** to the extent that the Court considered the reply attached thereto.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of April, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record